UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWENY GUTIERREZ BRAVO,<br><br>　　　　　Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>　　　　　Respondents. | No. 2:26-cv-00653-DJC-AC<br><br><br>ORDER |

Petitioner Dweny Gutierrez Bravo is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2). The Court has previously addressed the legal issues raised in Count 2 of the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 202); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 5.) Respondents "agree[] that the factual and legal issues present here are not substantively distinguishable from such cases." (ECF No. 7 at 3.) Neither party objected to the Court ruling directly on the merits of the petition.

1    Accordingly, as Respondents have not made any new legal arguments and
2 have not identified any factual or legal issues in this case that would distinguish it from
3 the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for
4 Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2, for the reasons stated
5 in those prior orders.[1]

6    Respondents are ORDERED to immediately release Petitioner Dweny Gutierrez
7 Bravo from their custody.  Respondents shall not impose any additional restrictions on
8 Petitioner, unless that is determined to be necessary at a future pre-
9 deprivation/custody hearing.  Respondents are permanently ENJOINED AND
10 RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with
11 constitutional protections, which include, at a minimum, pre-deprivation notice
12 describing the change of circumstances necessitating Petitioner's arrest and
13 detention, and a timely hearing.  At any such hearing, the Government shall bear the
14 burden of establishing, by clear and convincing evidence, that Petitioner poses a
15 danger to the community or a risk of flight, and Petitioner shall be allowed to have
16 their counsel present.  This Order does not address the circumstances in which
17 Respondents may detain Petitioner in the event Petitioner becomes subject to an
18 executable final order of removal.

19    The Clerk of the Court is directed to close this case and enter judgment for
20 Petitioner.  This Order resolves all pending motions.

   IT IS SO ORDERED.

Dated:   **March 5, 2026**

*[signature]*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

2